**NOT FOR PUBLICATION**

In the
# United States Court of Appeals
For the Eleventh Circuit

---

No. 25-13775
Non-Argument Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JONQUILL SHIONTA COLEMAN,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00243-KKM-CPT

---

Before LAGOA, ANDERSON, and BLACK, Circuit Judges.

PER CURIAM:

Jonquill Coleman appeals his convictions for conspiracy to distribute and possess with intent to distribute 40 grams or more of a mixture containing fentanyl and distribution and possession with

intent to distribute 40 grams or more of a mixture containing fentanyl. He contends the district court erred in failing to *sua sponte* inquire into an alleged conflict of interest during his plea hearing where his trial counsel represented him in accepting an appeal waiver that potentially precluded him from raising a claim of ineffective assistance of counsel regarding his sentence. After review, we affirm.

The district court did not reversibly err by failing to inquire *sua sponte* into the alleged conflict of interest between Coleman and his trial counsel. *See United States v. Novaton*, 271 F.3d 968, 1010 n.10 (11th Cir. 2001) (stating questions involving conflicts of interest are mixed determinations of fact and law and are reviewed de novo); *Dallas v. Warden*, 964 F.3d 1285, 1303 (11th Cir. 2020) (explaining in the absence of a timely objection, a district court has a duty to inquire into a potential conflict of interest if the court "knows or reasonably should know" that a particular conflict of interest exists). First, Coleman is not entitled to automatic reversal because he did not object in the trial court and this case does not involve counsel's joint representation of codefendants. *See Dallas*, 964 F.3d at 1303-04 (11th Cir. 2020) (stating reversal for failure to inquire into a potential conflict of interest is only "automatic" when a court improperly requires joint representation of codefendants over a timely objection; otherwise, the test is whether an actual conflict of interest adversely affected counsel's performance).

Additionally, Coleman is not entitled to relief because he fails to prove an "actual conflict of interest adversely affected his lawyer's performance." *See Novaton*, 271 F.3d at 1010 ("It is well-settled that [i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."). The "possibility of conflict is insufficient to impugn a criminal conviction," and "absent a showing of actual conflict and adverse effect, a defendant is not entitled to relief." *Id.* (quotation marks omitted). Coleman cannot establish an actual conflict of interest because no "factual showing of inconsistent interests" can be made, nor are there "specific instances in the record" suggesting an actual impairment of his interests. *See id.* at 1010-11 (stating to show an "actual conflict," a defendant must "make a factual showing of inconsistent interests" or point to "specific instances in the record" that suggest an actual impairment of his interests). No record was made in the district court on this issue, and Coleman provides no record evidence that the alleged conflict actually influenced counsel's decision-making. *See id.* at 1011 (stating the conflict-of-interest inquiry is fact-specific, and we cannot determine the existence of an actual conflict if the record provides insufficient facts to support it).

Importantly, Coleman cannot make the required showing that "the conflict adversely affected his representation." *Id.* (setting out a three-element test to prove adverse effect). He fails to prove that his proposed "plausible alternative defense strategy or tactic"—for counsel to advise Coleman to refuse to sign an appeal

waiver—was "reasonable under the facts." *Id.* at 1011-12. First, Coleman presents no evidence this option was available to him, *i.e.*, that the Government offered him a plea agreement without an appeal waiver or would have done so if requested. Coleman also does not provide evidence that a competing interest actually affected his counsel's decision to advise him to accept the plea agreement as written. Second, Coleman would have received the exact same convictions and sentences under the proposed alternative and there still would not have been any identifiable error to appeal. For these reasons, this alternative did not "possess[] sufficient substance to be a viable alternative." *Id.* at 1011. Coleman's argument that his counsel would have had a greater incentive to represent him well at sentencing under the "alternative defense strategy" lacks merit because Coleman fails to identify any ineffectiveness in his counsel's performance at sentencing or anything he would have liked his counsel to do differently at sentencing. In fact, Coleman disclaims any need to show this conflict adversely affected his sentencing, arguing the logic of the potentially conflicting interests is sufficient by itself to meet the third prong, "that the alternative defense was inherently in conflict with . . . the attorney's other loyalties or interests." *Id.* But Coleman's overbroad interpretation of the "inherently in conflict" language would swallow the rule that "absent a showing of actual conflict and adverse effect, a defendant is not entitled to relief." *Id.* at 1010.

Finally, the appeal waiver in Coleman's plea agreement prohibited him from appealing his sentence except in certain

circumstances and it did not explicitly prohibit him from raising an ineffective-assistance claim in a § 2255 proceeding. Indeed, § 2255 is the method by which our Court generally prefers those claims to be pursued. *See United States v. Patterson*, 595 F.3d 1324, 1328-29 (11th Cir. 2010).

Accordingly, we affirm.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 13, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 25-13775-HH
Case Style: USA v. Jonquill Coleman
District Court Docket No: 8:24-cr-00243-KKM-CPT-2

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. The Court has proposed amending 11th Cir. R. 40-1 (Number of Copies) to no longer require paper copies of a petition for panel rehearing or a petition for rehearing en banc. Based on the proposed amendment, other than an original petition filed in paper by a non-electronic filer, **parties are asked not to submit any paper copies** of a petition for panel rehearing or a petition for rehearing en banc.

Costs
No costs are taxed.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |